ELECTRONICALLY FILED
2015 Nov 12 PM 3:31
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2015-CV-000407

IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
DIVISION __

| | |
|---|---|
| NAVID YEASIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. |
| TAMMARA DURHAM, | ) ) ) |
| Defendant. | ) ) |

## PETITION

The plaintiff, Navid Yeasin, for his claims against the defendant, states and alleges the following:

1. The plaintiff, Navid Yeasin, was previously enrolled as an undergraduate student at the University of Kansas in the School of Engineering. Plaintiff is a citizen and resident of Lawrence, Douglas County, Kansas.

2. The defendant, Tammara Durham, is employed by The University of Kansas ("KU") as the Vice-Provost of Student Affairs. She is being sued in her individual or personal capacity. Ms. Durham is a resident of the City of Lawrence in Douglas County, Kansas.

## FACTUAL ALLEGATIONS

3. Navid Yeasin was admitted to the University of Kansas, School of Engineering, to pursue a course of study in Petroleum Engineering in or about Fall 2010.

4. Beginning in the fall semester of 2012 and continuing into the summer of 2013, Yeasin was involved in a romantic relationship with a fellow KU student, A.W.

5. On June 28, 2013, an incident occurred between Yeasin and A.W. in Johnson County, Kansas which resulted in the termination of their romantic relationship as well as the filing of a criminal case and a consent protection order in Johnson County, Kansas.

6. The consent protection order prohibited Yeasin from having any contact, directly or indirectly, with A.W.

7. Upon termination of the relationship, Yeasin, who maintains a social media account on Twitter, removed A.W. from his list of approved followers who may see or "retweet" his "tweets."

8. Upon returning to the KU Lawrence campus in August, 2013, A.W. made a complaint to KU's Office of Institutional Opportunity and Access ("IOA") that Yeasin had sexually harassed her.

9. On August 14, 2013, IOA sent Yeasin a "No Contact Letter" prohibiting Yeasin from "attempt[ing] to contact [A.W.], personally or through any other person."

10. In or about the first week of September 2013, A.W. complained to IOA that her friends had shown her a "tweet" from Yeasin to his followers subsequent to IOA's No Contact Letter.

11. Over a period of approximately four (4) months, Yeasin "tweeted" approximately fourteen (14) "tweets" to his followers which referenced but did not name A.W., nor was A.W.'s Twitter handle or other identifiers included in the tweets.

12. On September 6, 2013, IOA sent Yeasin an email indicating that KU interpreted the No Contact Letter to prohibit comments made by Yeasin on any social media about A.W. and that any further communication by him that referred to A.W. would be considered a violation of the No Contact Letter and could result in expulsion.

13. On October 7, 2013, IOA determined that Yeasin had sexually harassed A.W. in the incident that occurred on June 28, 2013 in Johnson County, Kansas and in subsequently sending "tweets" that referenced A.W.

14. On October 18, 2013, IOA notified Yeasin that he had violated Article 22 of the Student Code of Conduct and scheduled a formal hearing.

15. After formal hearing, on November 13, 2013, Vice-Provost Tammara Durham found that Yeasin had committed non-academic misconduct, expelled Yeasin from KU and banned him from being on KU property.

16. At the time of Yeasin's expulsion, Article 22 provided

> Students and organizations are expected to conduct themselves as responsible members of the University community. While on University premises or at University sponsored or supervised events, students and organizations are subject to disciplinary action for violations of published policies, rules and regulations of the University and Regents, and for the following offenses. . ..

17. None of the conduct on which Durham based her decision occurred on campus or at University sponsored events.

18. Following his expulsion, Yeasin timely appealed to the University Judicial Board, which summarily dismissed the appeal.

19. Following the dismissal of Yeasin's appeal to the University Judicial Board, Yeasin filed a Petition for Judicial Review in the District Court of Douglas

County, Kansas pursuant to the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions.

20. On September 26, 2014, Judge Robert Fairchild entered a Memorandum Decision ruling that the findings of the hearing panel, which were subsequently adopted by the Vice Provost and Judicial Board were not supported by substantial evidence and that KU and Durham erroneously interpreted the Student Code of Conduct by applying it to off-campus conduct. Judge Fairchild further ordered that Yeasin's expulsion be set aside. Judge Fairchild did not reach the question of whether KU's actions violated Yeasin's rights under the First Amendment of the United States Constitution.

21. Despite Judge Fairchild's ruling, Yeasin was not permitted to re-enroll and KU requested a stay while the matter was appealed to the Kansas Court of Appeals.

22. On September 25, 2015, the Kansas Court of Appeals affirmed the ruling of the District Court, finding that KU and Durham erroneously interpreted the Student Code of Conduct by applying it to off-campus conduct and lifting the stay. The Kansas Court of Appeals did not reach the question of whether KU's actions violated Yeasin's rights under the First Amendment of the United States Constitution.

23. As a result of KU's wrongful expulsion of Yeasin, he has suffered damages in the form of delay in completing his education, lost employment and wages, emotional distress and mental anguish, attorney fees and litigation costs.

## COUNT I: RETALIATION IN VIOLATION OF THE
## FIRST AMENDMENT AND 42 U.S.C. § 1983

24. Plaintiff incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

25. The First Amendment of the United States Constitution guarantees Plaintiff the right to freedom of speech. Plaintiff's right to free speech is further protected by 42 U.S.C. § 1983, which imposes liability on any person acting under color of state law who deprives Plaintiff of his right of free speech.

26. Plaintiff exercised his right of free speech by posting "tweets" on Twitter.

27. Under the totality of the circumstances, Plaintiff's interest in exercising his right of free speech outweighs the interest of the Defendant.

28. Plaintiff's exercise of his right of free speech was a substantial or motivating factor in KU's decision to expel Yeasin.

29. By imposing a content-based restriction on Plaintiff's speech and subsequently expelling Plaintiff for said speech, Defendant knew or reasonably should have known, that Plaintiff would be deprived of his rights under the First Amendment and §1983.

30. As a result of Defendant's retaliatory expulsion of Plaintiff from KU, Plaintiff has sustained damages in the form of delay in completing his education, financial loss, emotional distress and mental anguish and attorney fees and costs.

31. In committing retaliatory actions against Plaintiff, Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights. Defendant, therefore, is liable for punitive damages in her personal capacity.

## COUNT II:   VIOLATION OF SUBSTANTIVE DUE PROCESS

32.   Plaintiff incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

34.   Under Kansas and Tenth Circuit law, Plaintiff had a protected property interest in his continued enrollment at KU.

35.   Defendant's actions in expelling Plaintiff and banning him from University property were arbitrary and lacking in a rational basis, denying Plaintiff his right to substantive due process.

36.   As a result of Defendant's expulsion and ban of Plaintiff from KU property, Plaintiff has sustained damages in the form of delay in completing his education, financial loss, emotional distress and mental anguish and attorney fees and costs.

37.   In violating Plaintiff's substantive due process rights, Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights. Defendant, therefore, is liable for punitive damages in her personal capacity.

WHEREFORE, Plaintiff prays for judgment against Defendant Durham for damages in excess of $100,000, consisting of financial loss, prejudgment interest, emotional distress, mental anguish, punitive damages, attorney fees and litigation costs; and for such other relief as the court deems just and equitable.

## REQUEST FOR TRIAL BY JURY

Pursuant to K.S.A. 60-238, the plaintiff requests a trial by jury on all claims triable to a jury.

SLOAN, EISENBARTH, GLASSMAN
   McENTIRE & JARBOE, L.L.C.
534 South Kansas Avenue, Ste 1000
Topeka, Kansas 66603-3456
(785) 357-6311
(785) 357-0152 fax

BY:  s/Danielle N. Davey
     Danielle N. Davey, KS #24205
     ddavey@sloanlawfirm.com


BY:  s/Alan V. Johnson
     Alan V. Johnson, KS #9992
     ajohnson@sloanlawfirm.com


AND

PETEFISH, IMMEL, HEEB & HIRD, LLP
842 Louisiana
PO Box 485
Lawrence, Kansas 66044
(785) 843-0450

BY:  /s/Terence E. Leibold
     Terence E. Leibold, KS #17763
     tleibold@petefishlaw.com

7

ELECTRONICALLY FILED
2015 Nov 13 PM 2:24
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2015-CV-000407

Navid Yeasin

vs.

Tammara Durham

## SUMMONS

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

Tammara Durham
19746 W. 120th Terr
Olathe, KS 66061-9311

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Danielle N. Davey
534 S. Kansas Ave.
Suite 1000
Topeka, KS 66603-3456

within 21 days after service of summons on you.

*[signature]*

Clerk of the District Court

**Documents to be served with the Summons:**
DCC - Chapter 60 Non Domestic - PLE: PETITION for Case #2015CV000407 FSDate 11/12/2015

RECEIVED (COPY CERTIFIED)
2015 DEC -3 PM 3:59
FRANK DENNING, SHERIFF
JOHNSON COUNTY, KANSAS